BROOKE), P.
Waiving the question of jurisdiction, the controversjr turns on the construction of the 10th section of the statute concerning executions. In construing a statute, the first object is so to construe it as to make it work a ^remedy for the mischief intended to be prevented. If all its words can be satisfied by such a construction, we need not carry them farther, however general they may be; especially, if by so doing we are met by inconveniences which we cannot be sure were overlooked by the legislature. The words in the first clause of this section, certainly do not, in terms, embrace the case before us: they make void all sales, conveyances or transfers of the lands of the debtor, after he shall be in execution by the service of a ca. sa. These terms “sales, conveyances or transfers,” certainly do not embrace judgments, though if by confession with a view to defeat the object of the statute, they might be brought by construction within the mischief intended to be prevented. That mischief was, that debtors, to defeat the claims of their creditors at whose suit they were in execution, either fraudulently or bona fide as to others, sold, conveyed away, or transferred their land, the lien of the judgment of the creditor being released by suing out the ca. sa. That this was the mischief intended to be remedied, is made more manifest by the succeeding words of the section viz. “unless such sale, conveyance or transfer shall be absolute and bona fide, and be made for the payment of the debt or damages due such creditor”), thereby, I think, limiting the operation of the first member of the clause; in terms, to sales, conveyances or transfers, made by the debtor himself, and excluding involuntary judgments &c. Nor, though the words of the last clause of the section are still more general, do I think they were intended to do more than to effectuate the intention of the first clause. The terms of the last clause are, “Iilvery execution of ca. sa. levied after the commencement of this act, shall bind the real estate of the defendant, from the time that it shall have been levied ;” that is, the real estate so sold, conveyed away, or transferred, by the defendant, contrary to the provision in the first clause of the section. To carry It farther, would extend it to real estate subjected to the payment of the debts of other creditors, without any act of the debtor in execution, against *which only it certainly was the object of the first clause to provide. It would carry the remedy greatly beyond the mischief, which does not consist with any sound rule of construction; especially, in a case, in which, I think, it clearly appears, that the provision in the first clause against sales &c. by the debtor, would have been ineffectual, without the aid of the last clause, impowering the officer to seize and sell the real estate sold &c. by the debtor in execution, contrary to the provision in the first.
In this view of the section, I can see nothing to justify the opinion, that its last clause was intended to settle priorities among creditors, at whose suit the debtor was in execution. There is certainly nothing in any part of the ' statute, to which to refer for this construction. Though the clause may have that effect, I cannot perceive that that consideration was in the view of the legislature, and much less that it alone was the object of the clause.
I concur in the opinion, that the decree of the chancellor be reversed, and the injunction perpetuated.
Decree reversed, injunction reinstated and perpetuated &c.